[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| JEFFREY M. CAMARDA and KIMBERLY K. CAMARDA | ) ) ) |
| *Appellants*, | ) ) |
| v. | ) No. 15-7080 |
| CERTIFIED FINANCIAL PLANNER BOARD OF STANDARDS, INC., | ) ) ) ) |
| *Appellee*. | ) ) |

## RESPONSE TO APPELLANTS' MOTION TO EXTEND TIME IN WHICH TO FILE BRIEF AND TO FILE PAPER COPIES OF BRIEF AND APPENDIX UNDER SEAL

Appellee Certified Financial Planner Board of Standards, Inc. ("CFP Board") opposes appellants' motion to extend the time in which to file their opening brief. Alternatively, if that motion is granted, CFP Board opposes in part appellants' motion to file their entire appendix under seal, and defers to the Court on appellants' motion to file their entire brief under seal.

### A. The Motion To Extend Time Should Be Denied

On December 16, 2015, the Court established a briefing schedule ordering submission of appellants' brief and appendix on Monday, January 25, 2016. (The

Clerk's Office was closed due to inclement weather on Monday and Tuesday, January 25 and 26, 2016, although the ECF system was available on both days. Appellants' counsel is located in Florida and was unaffected by the inclement weather). Postal Service records show that, at approximately 6:16 p.m. on Wednesday, January 27, 2016, appellants' counsel mailed a purported appendix to the Court. This appendix was received by the Court on Friday, January 29, 2016.

On Monday, February 1, 2016, a week after appellants' brief was due, CFP Board filed a motion to dismiss this appeal because appellants had failed to file their brief. Thereafter, the Clerk's Office contacted appellants' counsel to ascertain appellants' intentions. On Tuesday, February 2, 2016, at approximately 6:06 p.m., appellants filed the instant motion, seeking leave to file their opening brief and a conforming appendix by Thursday, February 4, 2016 (ten days after they were due pursuant to the Court's schedule).

Circuit Rule 28(e)(1) provides that the Court disfavors motions to extend the time for filing briefs and that such motions will be granted only for "extraordinarily compelling reasons." Rule 28(e)(2) provides that a motion to extend the filing time for a brief must be filed at least 7 days <u>before</u> the brief is due and that motions filed less than 7 days before the due date will be denied absent "exceptional circumstances."

As grounds for the instant motion, appellants' counsel states that he

"inadvertently misread the initial brief deadline" and that "[o]nce [he] became aware of said error, he took expeditious action to request this modest extension of time." (Motion at 2). Notably, counsel does not explain in what manner he "inadvertently misread" the deadline, nor does he explain how he calendared this deadline as he understood it, nor does he state when he became aware of his error. Clearly he was aware of the deadline no later than January 27, 2016 because he took steps to file the appendix that day. And likely he knew even earlier, as it would have taken some time to prepare the 574-page appendix. Yet counsel took no steps to contact either the Court or opposing counsel about the situation. Instead, appellants' counsel evidently hoped that – as a result of the inclement weather in D.C. and F.R.A.P. 26(a)(3) – he might be able to claim partial compliance with the deadline established by the Court.

Contrary to his contention, appellants' counsel did not take expeditious action to request an extension of time. He took no action to request an extension of time for at least seven days – and likely longer -- after he knew that the deadline would be (and had been) missed. Appellants' counsel only requested an extension of time after CFP Board moved to dismiss this appeal and the Clerk's Office contacted him to ascertain what was going on. Thus, by any measure, the instant motion for an extension of time is grossly belated.

–3–

This Court dismisses appeals in situations like this. In *Barber v. American Sec. Bank*, 841 F.2d 1159 (D.C. Cir. 1988), this Court dismissed an appeal where appellant's brief and appendix were due on September 1 but not filed until September 9, and appellant had, during that interval, attempted to file a belated motion for extension of time. The Court ruled that, "[i]n the instant case, counsel's failure to file a brief on time, his failure to file a motion for an extension ten days prior to the date his brief was due, his failure to seek leave to file his time enlargement motion late, and the clearly inadequate grounds he eventually offered for the late filings, warrant dismissal …." *Id.* at 1162. That analysis is equally applicable here. Appellants' counsel contends that "[t]he circumstances here are not at all those at issue in *Barber*" because his cited reason for seeking an extension is different. (Motion at 2). But the salient facts are almost entirely identical and counsel's behavior in this case is even more egregious than in *Barber* because he waited even longer to seek an extension of time and did not do so until after CFP Board moved to dismiss this appeal.

Appellants' counsel also seeks to distinguish this case from *Tibbets v. Sweetland*, No. 02-7151, 2004 WL 287123 (D.C. Cir. Feb. 3, 2004) where the appellant had a prior history of not meeting briefing deadlines. But appellants' counsel has precisely such a history in this litigation. In the court below, on the day that appellants' opposition to CFP Board's motion for summary judgment was

–4–

due, counsel sought and was granted a one-day extension of time to file that pleading. Counsel did not meet the extended deadline, and ultimately filed the pleading on the following day. (Dkt. 110.) Counsel did not seek an additional extension of time from the district court to accept this untimely filing. Moreover, in seeking the one-day extension of time, appellants' counsel was not candid with the district court about the reason for needing additional time. Counsel advised the district court that the extension was needed so that they could review CFP Board's redacted version of its motion for summary judgment and conform page citations in their pleading to the redacted motion. (Dkt. 107 at ¶ 4.) But that was not so – CFP Board had previously advised appellants' counsel that the redactions would not impact the pagination of CFP Board's pleading. The purported basis on which counsel obtained the extension of time was spurious. Thus, as in *Tibbetts*, there is a history here of counsel not meeting briefing deadlines. The record in the district court presages the situation now presented to this Court.

Accordingly, the motion to extend time should be denied.

**B.    The Motion To File Entirely Under Seal Should Be Denied In Part**

Appellants also request that they be permitted to file their opening brief and appendix, in their entirety, under seal and via paper filing only. Circuit Rule 47.1(d) provides that "[i]f a party deems it necessary to refer in a brief to material under seal, 2 sets of briefs must be filed which are identical except for references

to sealed materials." Rule 47.1(e) provides that, if a party deems it necessary to include material under seal in an appendix, the appendix must be filed in two segments, one of which contains the sealed materials and the other of which contains the material not under seal.

The appendix that appellants previously sent to the Court contains six different documents: the district court's opinion, the district court docket, the second amended complaint, and three of plaintiffs' pleadings relating to the summary judgment motion. The first three documents are already public and there is no reason why they should not be filed publicly in conformance with Circuit Rule 47.1(e). The three pleadings were filed under seal in the district court and so are appropriately filed as part of the sealed segment of an appendix.

As for appellants' brief, they argue that its contents "are inextricably intertwined with sealed references." (Motion at 4). CFP Board has not yet seen this brief and so is not in a position to contest appellants' representation. But CFP Board doubts that producing a redacted copy of the brief is infeasible. For example, the district court required CFP Board to prepare and file a public, redacted version of its motion for summary judgment, which was originally filed under seal. CFP Board did so, in consultation with appellants' counsel, without difficulty. (The district court did not require the preparation of similar public versions of the other summary judgment pleadings). If this Court now permits

–6–

appellants to file their opening brief under seal, the issue of producing a redacted version of that brief should be revisited after the Court and CFP Board have an opportunity to review the brief.  *Cf.* Circuit Rule 47.1(f).

WHEREFORE, CFP Board respectfully submits that appellants' motion to extend the time in which to file their opening brief should be denied. Alternatively, if that motion is granted, CFP Board respectfully submits that appellants' motion to file their entire appendix under seal should be denied, and it defers to the Court on appellants' motion to file their entire brief under seal.

    Respectfully submitted,

    /s/ Steven D. Gordon
    Steven D. Gordon  (#219287)
    Holland & Knight LLP
    800 17th Street, NW, Suite 1100
    Washington, DC  20006
    Telephone:  (202) 955-3000
    Facsimile:  (202) 955-5564

    Counsel for Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2016, I electronically filed the foregoing Response to Appellants' Motion to Extend Time in Which to File Brief and to File Paper Copies of Brief and Appendix Under Seal with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit via the appellate CM/ECF system, which will cause an electronic copy to be sent to all counsel of record in the case.

                                              /s/ Steven D. Gordon
                                              Steven D. Gordon